Mirinaviciene v. Keuka College We have both counsel on Zoom, and Ms. Mirinaviciene, you have one minute reserved for rebuttal. You may proceed when you're ready. Okay, thank you. I am a prosaic appellant plaintiff. My name is Stacy Mirinaviciene, and I wanted to, I basically set forth factual assertion to support inference of the discrimination case as a cause of my determination. So, number one, several older faculty members who I named in my initial complaint in my department and outside of it were terminated, passed into resignation, or settled with internally. In fact, I'm not aware of any older faculty, 10-year faculty members currently working in business department. Number two, I was replaced by younger, less experienced professor, not a CPA, who taught a reduced course load, mostly online. I couldn't have easily handled those courses given my extensive online teaching experience at Keuka College, where I taught accounting classes locally in Vietnam and China. And number three, defendants refused to reach accommodation with me until I get the booster, such as making all my classes online or giving me academic leave or sabbatical, which I was entitled to because I have worked for Keuka College over eight years, and I was 10 years. Instead, they punished me with unpaid suspension, and my letters sent to the management and faculty liaison committee to discuss alternatives were ignored. So, I believe that individually and collectively, these facts go well beyond naked assertions, devoid of further factual enhancements, and do allow the court to draw reasonable inference that defendant is liable for misconduct. I have met the standard to survive the motion to dismiss. I stated my health concerns. I took Johnson & Johnson vaccine, which was later recalled due to health considerations to people who have taken it, and there was no booster for the same brand available. Due to those circumstances, I wanted to be examined by a doctor and obtain approval for the booster. However, a scheduled appointment was difficult, as doctor's offices were extremely busy during COVID, often requiring a month or more for availability. I informed my division chair about this delay. After meeting with my doctor, I received the booster, but Keuka College did not reinstate me despite of that. So, my stated concerns received no response. Defendants could have moved my in-person classes online until I obtained the booster or offered alternatives such as health exemption, academic leave, or sabbatical. Instead, defendants used the situation as an opportunity to terminate yet another older employee. In the process, they completely disregarded faculty handbook rules and procedures for discipline and termination of tenured faculty members. Defendants' opposition lacks merit. They argue that I failed to identify accommodation provided to a younger employee that was denied to me. This claim is false. Not only did the defendants replace me with a younger, untensioned, and less experienced professor, but they also assigned him a lighter course load and allowed him to teach most of his and my classes online. This demonstrates that my replacement, a younger professor, received accommodation that I was not offered. It also proves that defendants have the ability to move my classes online, just as they did for my replacement, while allowing me to remain in my position. If Puget College's intent was not to eliminate older faculty, they could have adopted non-discriminatory solutions such as transitioning my classes fully online or offering sabbatical. Given that, I was already teaching some online classes. Shifting to a fully online format would have been seamless. Defendants complain that in my case there is no smoking gun, where a supervisory employee does not make disparaging remarks about older employees. My cited cases claim that I don't need a smoking gun. In assessing the inferences that may be drawn from the circumstances surrounding intermination of employment, the court must be alert to the fact that employers are wary, so cooperative as to include notation in the personnel file, that their actions were motivated by factors expressively forbidden by law. Because an employer who discriminates is unlikely to leave a smoking gun, attesting to a discriminatory intent, victim of discrimination is seldom able to prove her or his claim by direct evidence, and is usually constrained to rely on circumstantial evidence. So, in conclusion, for these reasons, this court should reverse the Norfolk District of New York decision and deny defendants' motion to dismiss and remand back the case to the Norfolk District of New York for further proceedings. Okay, thank you. You do have one minute reserved for rebuttal. We'll hear from Counselor McClung. Thank you, Your Honors. May it please the court, my name is Kate McClung from Bond, Schoenig and King. I represent all the appellees except for Dr. Fooster. The standard for an ADEA claim to survive a motion to dismiss is that the employee has to both allege that the employer took adverse action against them and also allege facts that make it plausible that there's an inference of discriminatory intent, that age was the but-for cause of the termination here. And Ms. Miranichevy simply doesn't allege those facts. The facts that she alleges boil down to, I'm over 40, I was terminated, my replacement was younger, and some other people over 40 also left. That's it. If that's the bar, then pretty much anyone could state a viable age discrimination claim. There's a lot of case law showing that the fact that the replacement is younger is not sufficient to plausibly allege that age was the but-for basis of termination. The fact that other older employees left without any factual context for why they left also gives no inference of age discrimination here. Ms. Miranichevy talked about accommodations. There is no obligation to accommodate under the ADEA, so it's not a per se violation. She also doesn't allege that any accommodations from the COVID-19 booster policy were given to any younger employees. She talks about the fact that her replacement, who was younger, had a different caseload. But based on the allegations in her complaint, that this facially neutral COVID-19 booster policy applied to all faculty members and all staff unless they exclusively taught online. If the replacement were identical except for the age thing, would that be enough? If the replacement was identical, if she had the same... Except for the age. Right. I mean, if she had been given the exact same course load as her replacement got, she still would have needed to get the COVID-19 booster. She still didn't get the COVID-19 booster, and she still would have been terminated. The difference in courses has nothing to do with it. I was just worried about the Supreme Court's opinion, the Supreme Court just now, that seemed very unhappy about the idea of saying you need some more background. It's not enough that you're in one category or another. Now, that was in a particular case. I had thought that we always did need more, but... Well, we can debate how much you need, but certainly I think we can all agree that you need something beyond the fact that I'm over 40 and I was terminated, and they replaced me with somebody younger. That happens all the time without it being anything to do with a person's age. Well, and that other people over 40 were also either terminated or harassed. Which is a conclusory allegation when she provides no factual context for why they left. They could have all been terminated for stealing, for all we know. She also doesn't provide any allegations about what time period this was during, the rate at which younger employees left during that same time period. There's nothing there. There's nothing to support any inference whatsoever. And as I said, we can all agree you need something to get beyond the motion to dismiss stage. All right. Thank you, Counsel. We'll hear from Counsel Polito on behalf of Mr. Fooster. Good morning, Your Honor. May it please the Court, Counsel, Jacqueline Fitz-Polito from Littler Middleton on behalf of Dr. Bradley Fooster. For the reasons articulated by Co-Counsel, the decision and order of Judge Geraci issued on April 10, 2024 in the Western District of New York, which dismissed the claims against all defendants, including the individual defendants, should be affirmed. I would like, however, the Court to focus on, in this case, Dr. Bradley Fooster, who is no longer an employee of PUCA, is an individually named defendant. As you heard from the Proceed plaintiff and as noted in the record, there are no allegations against Dr. Fooster individually. Most importantly, there is no individual liability under the ADEA, so there is no claim that can be asserted against Dr. Fooster. And for that reason, the decision should be affirmed. Now, I would be remiss if I did not note to the Court that the reason that the District Judge Geraci issued the 12B6 decision, he did not focus on the fact that the individual defendant should be dismissed because the ADEA does not allow for individual liability. However, this Court has the authority to affirm dismissal of an ADEA claim on any ground that is supported by the record. And in the record, there is an argument that asserts that the individual defendants cannot be held liable because the ADEA does not afford individual liability. And so for that reason, the claim against Dr. Fooster should remain dismissed regardless of what the Court may or may not do with respect to the other defendants. In conclusion, Dr. Fooster respectfully requests that this Court deny the plaintiff's application with respect to Dr. Fooster, grant Dr. Fooster's request for relief dismissing the case against him as an individual, based on the clear precedent that there is no liability for individuals under the ADEA, and grant costs and other relief as to Dr. Fooster, as this Court deems just and proper. Thank you. Thank you, Counsel. All right, Ms. Mirinovicini, you have one minute for rebuttal. Yes, Your Honor. So I would like to note that the factual information about reasons for dismissal of all the faculty members is not available for everybody unless we do discovery. And discovery, well, can show the facts, what happened and why it happened in every individual case. In this case, all of the older faculty members in the division, they're dismissed, terminated, or settled. So that says for itself that it was a pattern here. And without discovery, I cannot get any other facts here. All right, thank you very much. The matter is submitted and we'll take it under advisement.